## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| AIRIS COTTRELL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No.: | 1:21-CV-184 |
| | ) | | McDonough/Lee |
| HARBOR SEAFOOD, LLC, | ) | | |
| DAQUIEN DODD, USA TRUCK, INC., and | ) | | |
| CHRISTOPHER BRANTLEY ELGIN, | ) | | |
| | ) | | |
| Defendants. | ) | | |

---

### ANSWER OF DEFENDANTS HARBOR SEAFOOD, LLC AND DAQUIEN DODD

---

Come now the Defendants, Harbor Seafood, LLC and Daquien Dodd, by and through counsel, and hereby respond to the allegations asserted against them by the Plaintiff in her Complaint as follows:

### I.   PARTIES

1.   These Defendants are without knowledge or information sufficient to either admit or deny the residency of the Plaintiff.

2.   The allegations in Paragraph 2 of the Complaint are admitted.

3.   The allegations in Paragraph 3 of the Complaint are denied. Mr. Dodd currently resides at 5636 Clydesdale Drive, Salisbury, Maryland 21801.

4.   The allegations in Paragraph 4 of the Complaint are denied as stated.

5.   Upon information and belief, the allegations in Paragraph 5 of the Complaint are admitted.

6.      These Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 6 of the Complaint.

7.      These Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 7 of the Complaint.

## II.      JURISDICTION

8.      Denied as stated. These Defendants are without knowledge or information sufficient to either admit or deny the allegation in Paragraph 8 of the Complaint that the amount in controversy exceeds $75,000.00. These Defendants are also without knowledge or information sufficient to either admit or deny the citizenship and residency of the other parties.

9.      Upon information and belief, the allegations in Paragraph 9 of the Complaint are admitted.

## III.      VENUE

10.      Upon information and belief, the allegations in Paragraph 10 of the Complaint are admitted.

## IV.      FACTS

11.      Upon information and belief, the allegations in Paragraph 11 of the Complaint are admitted.

12.      The allegations in Paragraph 12 of the Complaint are denied as stated.  It is admitted that Daquien Dodd was driving a truck on behalf of Harbor Seafood, a 2020 freightliner tractor with Delaware License Plate CL120490 and VIN 3AKJHHDR7LSLY8283 and pulling a trailer.  It is admitted that the Freightliner tractor Mr. Dodd was driving was experiencing a mechanical problem which caused the truck to come to a stop.  It is admitted that Mr. Dodd

2

made every effort to move his tractor-trailer off of the roadway and onto the shoulder of the highway. It is denied that the Defendants created a hazard.

13. The allegations in Paragraph 13 of the Complaint are denied as stated. It is admitted that Mr. Dodd used several construction barrels in order to alert oncoming traffic to the Harbor Seafood truck which was disabled on the shoulder and was relatively close to the right lane of the highway.

14. The allegations in Paragraph 14 of the Complaint are denied as stated.

15. The allegations in Paragraph 15 of the Complaint are not directed to these Defendants. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 15 of the Complaint.

16. These Defendants are without knowledge or information sufficient to either admit or deny the serious and permanent nature of Plaintiff's injuries and damages.

17. The allegations in Paragraph 17 of the Complaint are denied.

## V. NEGLIGENCE OF DEFENDANT DAQUIEN DODD

18. These Defendants incorporate by reference their responses to the preceding paragraphs as if set forth more fully herein.

19. The allegations in Paragraph 19 of the Complaint, including subparts (a) through (l), are denied.

20. The allegations in Paragraph 20 of the Complaint are denied.

### a. NEGLIGENCE *PER SE*

21. The allegations in Paragraph 21 of the Complaint are denied.

22. The allegations in Paragraph 22 of the Complaint are denied.

## VI.     CAUSES OF ACTION AGAINST DEFENDANT HARBOR SEAFOOD, LLC

23.     These Defendants incorporate by reference all responses to the preceding paragraphs as if set forth more fully herein.

### a.     NEGLIGENCE

24.     The allegations in Paragraph 24 of the Complaint, including subparagraphs (a) through (f), are denied.

### b.     NEGLIGENT ENTRUSTMENT

25.     The allegations in Paragraph 25 of the Complaint are denied.

26.     The allegations in Paragraph 26 of the Complaint are denied.

27      The allegations in Paragraph 27 of the Complaint are denied.

### c.     VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR*

28.     The allegations in Paragraph 28 of the Complaint are denied.

## VII.     NEGLIGENCE OF DEFENDANT CHRISTOPHER ELGIN

29.     These Defendants incorporate by reference all responses to the preceding paragraphs as if set forth more fully herein.

30.     These Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 30 of the Complaint.

31.     The allegations in Paragraph 31 of the Complaint are admitted.

### a.     NEGLIGENCE *PER SE*

32.     The allegations in Paragraph 32 of the Complaint are not directed to these Defendants. To the extent a response is deemed necessary, these Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 32 of the Complaint.

4

33.     The allegations in Paragraph 33 of the Complaint are not directed to these defendants. To the extent a response is deemed necessary, these Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 33 of the Complaint.

## VIII.   CAUSES OF ACTION AGAINST DEFENDANT USA TRUCKING, INCORPORATED

34.     These Defendants incorporate by reference all responses to the preceding paragraphs as if set forth more fully herein.

### a.       NEGLIGENCE

35.     The allegations in Paragraph 35 of the Complaint, including subparagraphs (a) through (d), are not directed to these defendants. to the extent a response is deemed necessary. Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 35, including subparts (a) through (d) of the Complaint.

### b.       NEGLIGENT ENTRUSTMENT

36.     The allegations in Paragraph 36 of the Complaint are not directed to these Defendants. To the extent a response is deemed necessary, the allegations in Paragraph 36 of the Complaint are denied.

37.     The allegations in Paragraph 37 of the Complaint are not directed to these Defendants. To the extent a response is deemed necessary, the allegations in Paragraph 37 of the Complaint are denied.

38.     The allegations in Paragraph 38 of the Complaint are not directed to these Defendants. To the extent a response is deemed necessary, the allegations in Paragraph 38 of the Complaint are denied.

### c. VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR*

39.     The allegations in Paragraph 39 of the Complaint are not directed to these Defendants. To the extent a response is deemed necessary, the allegations in Paragraph 39 of the Complaint are denied.

### IX.     DAMAGES

40.     It is denied that Plaintiff is entitled to any damages.

### X.     PUNITIVE DAMAGES

41.     The allegations in Paragraph 41 of the Complaint are denied.

### XI.     JURY DEMAND

42.     The allegations in Paragraph 42 of the Complaint are denied.

### XII.     PRAYER

This section of Plaintiff's Complaint contains a prayer for relief, in which no response is necessary.

### AFFIRMATIVE DEFENSES

43.     It is affirmatively averred that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

44.     To preserve their defense, these Defendants affirmatively aver that Plaintiff's Complaint is barred by any and all applicable statutes of limitation.

45.     It is denied that these Defendants acted in a negligent or reckless manner.

46.     It is affirmatively averred that the direct and proximate cause of the accident in question was the negligence of the Plaintiff, Airis Cottrell. Specifically, Plaintiff Airis Cottrell failed to maintain her focus on the road. As a result of her failure to keep her focus on the road, Plaintiff failed to see what was then and there before her, causing her to abruptly slow her

6

vehicle, and causing several vehicles to strike one another, resulting in the accident which is the subject of this litigation. Alternatively, the fault of Plaintiff, Airis Cottrell, must be compared with the fault of all other parties, if any, in accordance with the principles of Tennessee comparative fault law.

47.     Plaintiff's claim for special damages, such as punitive damages, must fail because she has failed to plead those damages with specificity.

48.     These Defendants deny being guilty of any conduct that would entitle Plaintiff to recover punitive damages.

49.     Plaintiff's claim for punitive damages against these Defendants cannot be awarded because an award of punitive damages under Tennessee law would violate these Defendants' rights guaranteed by the United States Constitution and their rights protected by the Tennessee Constitution. Moreover, an award of punitive damages would be improper under the common law and public policies in the State of Tennessee.

50.     Pursuant to Tennessee law, the Defendants move to bifurcate the punitive damages issues to the extent that they are not dismissed prior to trial or reserve the right to so move when the time is proper to do so.

51.     Pending further investigation and discovery, and in order to avoid waiver of potential defenses, the Defendants allege that Plaintiff's claims are barred by the doctrine of estoppel waiver, unclean hands, and/or the doctrine of *laches* to the extent applicable to the facts in this case.

52.     Any allegations in the Complaint not admitted, denied, or explained above are hereby denied.

7

WHEREFORE, these Defendants request that Plaintiff's Complaint be dismissed with costs taxed to Plaintiff. These Defendants demand a jury of 12 persons to decide the issues in this cause.

Respectfully submitted this 14th day of December, 2021.

      /s/ Andrew N. Firkins      
CLINT J. WOODFIN – (BPR # 016346)
ANDREW N. FIRKINS – (BPR # 033982)
*Attorneys for Defendants Harbor Seafood, LLC
and Daquien Dodd*
Spicer Rudstrom, PLLC
800 South Gay Street, Suite 1400
Knoxville, TN 37929
(865) 673-8516 – Office

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2021, a copy of the foregoing Answer of Defendants Harbor Seafood, LLC and Daquien Dodd was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Andrew N. Firkins      
Andrew N. Firkins