UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| AIRIS COTTRELL, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:21-cv-184 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| HARBOR SEAFOOD, LLC, DAQUIEN | ) | |
| DODD, USA TRUCK, INC., and | ) | |
| CHRISTOPHER BRANTLEY ELGIN, | ) | |
| | ) | |
| *Defendants*. | ) | |

# MEMORANDUM OPINION

Before the Court is Defendant USA Truck, Inc.'s ("USA Truck") motion for partial dismissal (Doc. 29). For the following reasons, the Court will **GRANT** USA Truck's motion.

## I. BACKGROUND

On October 28, 2020, Defendant Daquien Dodd was driving a tractor-trailer truck for Defendant Harbor Seafood, LLC ("Harbor Seafood") on Highway 40 in Roane County, Tennessee. (Doc. 1, at 3.) At some point, Dodd pulled his truck over to the shoulder of the highway and then took construction barrels from the shoulder to reroute traffic from the right-hand lane into the left-hand lane. (*Id.*) Plaintiff Airis Cottrell, who was also driving on the highway, was able to stop without colliding with the barrels after the car in front of her, which was driven by her fiancée, suddenly broke and moved into the left-hand lane to avoid colliding with the barrels. (*Id.* at 3–4.) However, the truck driven by Defendant Christopher Elgin for USA Truck rear-ended Cottrell's vehicle, propelling her forward and causing her to strike her

fiancée's vehicle.  Cottrell alleges that the collision caused her to suffer serious and permanent injuries.  (*Id.* at 4.)

Cottrell initiated the present action on August 17, 2021, alleging various negligence claims against Dodd, Harbor Seafood, Elgin, and USA Truck.  (*Id.*)  On December 21, 2021, USA Truck moved to dismiss Cottrell's direct-negligence claims against it for negligent training, negligent entrustment, negligent maintenance, and "other acts and/or omissions."  (Doc. 29.)  USA Truck's motion is ripe for the Court's review.

## II. STANDARD OF LAW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6).  On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct."  *Id.* at 679.  For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal

conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

USA Truck has moved to dismiss Cottrell's direct-negligence claims against it. (Doc. 29.) In its motion for partial dismissal, USA Truck admits that "Elgin was acting within the course and scope of his agency with USA Truck at the time of the incident, and that USA Truck is liable to Plaintiff under the theory of vicarious liability – respondeat superior for any negligence that may be attributed to Mr. Elgin as his principal." (Doc. 30, at 1–2; *see also* Doc. 28, at 7–8.) As a result, USA Truck argues that the "preemption rule" precludes Cottrell's direct-negligence claims against it. (Doc. 30, at 4.)

Under the preemption rule, which has been adopted by most jurisdictions that have considered the issue, a plaintiff is precluded from pursuing direct-negligence claims against an employer when the employer has admitted vicarious liability for the actions of its employee.[1]

---

[1] "Underpinning the majority rule is the recognition that, in trying a direct negligence claim, proof will be admissible that is unduly prejudicial to the defendant, without expanding the potential recovery for the plaintiff. . . . Because the employer has admitted *respondeat superior*

*Ryans v. Koch Foods, LLC*, No. 1:13-cv-234, 2015 WL 12942221 (E.D. Tenn. July 8, 2015). There is no controlling authority from the Tennessee Supreme Court, however, addressing whether the preemption rule applies under Tennessee law.[2] Accordingly, the Court must predict how the Tennessee Supreme Court would rule if faced with this issue. *See Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450 (6th Cir. 2001) ("If the state supreme court has not yet addressed the issue presented, [the federal court] must predict how the court would rule by looking to all the available data[.]")

Tennessee federal district courts that have considered the applicability of the preemption rule have uniformly concluded that the Tennessee Supreme Court would adopt the majority view and apply the preemption rule in cases governed by Tennessee law. *Swift v. Old Dominion Freight Lines, Inc.*, __ F. Supp. 3d __, 2022 WL 1810721 (W.D. Tenn. 2022); *Jackson v. Trendavfilov*, No. 19-cv-2886-SHM-cgc, 2022 WL 1721210 (W.D. Tenn. May 27, 2022); *Madrid v. Annett Holdings, Inc.*, No. 1:21-cv-1173-STA-jay, 2022 WL 1005307 (W.D. Tenn. April 4, 2022); *Teli v. Rowe*, No. 3:21-cv-917, 2022 WL 187824 (M.D. Tenn. Jan. 20, 2022); *Freeman v. Paddack Heavy Transp.*, No. 3:20-cv-505, 2020 WL 7399026 (M.D. Tenn. Dec. 16, 2020); *Ryans*, 2015 WL 12942221, at *8–*9. The Court finds the analysis set forth in these

---

liability, the plaintiff may recover all of the damages to which he or she is entitled merely by establishing the driver's negligence." *Ryans*, 2015 WL 12942221, at *8. The minority position, which allows direct negligence claims to proceed against an employer who has admitted vicarious liability reasons that any danger of undue prejudice "can be ameliorated by trial court rulings as to the admissibility of individual pieces of evidence and by issuing limiting instructions to the jury." *Id*. at *9 (citing *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 334–35 (Ky. 2014)).

[2] A federal district court must apply the substantive law of the state in which it sits in diversity cases, including that state's choice-of-law provisions. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012). Neither USA Truck nor Cottrell argue that the substantive law of a state other than Tennessee applies in this matter.

opinions persuasive and similarly concludes that the Tennessee Supreme Court is likely to adopt the preemption rule.

Nonetheless, as Tennessee federal district courts have noted, "several jurisdictions that have adopted the preemption rule provide an exception where the plaintiff is seeking punitive damages from the employer." *Swift*, 2022 WL 1810721, at *6 (citing *Freeman*, 2020 WL 7399026, at *2). The Court need not predict whether the Tennessee Supreme Court would adopt the punitive-damages exception to the preemption rule, however, because Cottrell's punitive-damages claim against USA Truck,[3] as well as its direct-negligence claims against it, are insufficiently pled.

In this case, Cottrell's complaint includes scant allegations regarding USA Truck other than alleging that Elgin was driving his truck "at an unsafe speed and without proper attention to the roadway" for USA Truck at the time of the motor-vehicle accident. (Doc. 1, at 4.) Beyond this allegation, Cottrell summarily asserts that USA Truck failed to exercise ordinary care and proximately caused Cottrell's injuries by: (1) "[f]ailing to properly train its drivers"; (2) "[f]ailing to properly supervise its drivers"; (3) "[f]ailing to ensure the driver's vehicle was properly maintained'" and (4) "[o]ther acts and/or omissions." (*Id*. at 9.) Cottrell alternatively asserts a claim for negligent entrustment, alleging that

> [a]t the time of the incident, USA Truck was allowing Defendant Mr. Elgin to drive the tractor trailer for business purposes. More specifically, on or about the date of the subject incident, the USA Truck gave the vehicle in question to Christopher Elgin for the purpose of operating it on the public streets and highways and Defendant Elgin operated it with the knowledge, consent and permission of USA Truck. At such time Defendant USA Truck owed a duty to other drivers on the road to drive reasonably and abide by the safety laws in place

---

[3] In Tennessee, punitive damages may be awarded only if "the defendant against whom punitive damages are sought acted maliciously, intentionally, fraudulently, or recklessly." Tenn. Code Ann. § 29-39-104(a)(1).

> under the circumstances. . . . Each of these acts and omissions, singularly or in combination with others, constituted negligence and negligence per se, which proximately caused the occurrence made the basis of this action and the serious injuries and damages to the Plaintiff.

(*Id*. at 10.) Finally, with regard to punitive damages, Cottrell alleges the "actions by Defendants Harbor Seafood, Daquien Dodd, USA Truck, and Christopher Elgin, [ ] caused Plaintiff's injuries and damages" and "were sufficiently reckless to warrant the imposition of punitive damages as set forth in [Tenn. Code Ann.] § 29-39-104." (*Id*. at 11.) The complaint does not, however, include any factual allegations regarding how USA Truck failed to properly supervise or train Elgin, how it failed to ensure that Elgin's vehicle was properly maintained, or how USA Truck acted maliciously, intentionally, fraudulently, or recklessly. Instead, Cottrell's allegations regarding the bases for its direct-negligence and punitive-damages claims against USA Truck are wholly conclusory and fail to provide any factual content that allows the Court to draw the reasonable inference that the USA Truck is liable for the misconduct alleged. Accordingly, the Court will **GRANT** USA Truck's motion for partial dismissal (Doc. 29) and dismiss Cottrell's direct-negligence and punitive-damages claims against it.

IV. CONCLUSION

For the following reasons stated herein, USA Truck's motion for partial dismissal (Doc. 29) is **GRANTED.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**